Roberta I. AEBISCHER, Petitioner,

v.

Dwain D. BOX, Judge of the Court of Common Pleas, Oklahoma County, Oklahoma, Respondent.

No. A–13641.

Court of Criminal Appeals of Oklahoma.

April 28, 1965.

Earl Wynn, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

**536**

Malcolm Baucum, Oklahoma City, for petitioner.

Curtis P. Harris, Oklahoma County Atty., Oklahoma City, for respondent.

BUSSEY, Presiding Judge.

On the 25th day of February, 1965, there was filed in this Court a petition for writ of prohibition to prohibit the Honorable Dwain D. Box, Judge of the Court of Common Pleas, Oklahoma City, Oklahoma, from any further proceedings in Cause No. 32753 there pending against the petitioner, Roberta I. Aebischer.

Further proceedings in Cause No. 32753 were stayed pending a determination of whether the writ prayed for should be granted.

Hearing was held in this Court on the 1st day of March, 1965, and this matter was submitted on the argument of counsel and the records.

The precise question here presented is whether jurors selected from a panel to try a case set for trial after the original two weeks for which they were called to serve had expired, but within a six day extension of said time of service are qualified to serve as jurors over defendant's objection.

We are of the opinion that this is a matter reviewable only on appeal and following the rule that prohibition being an extraordinary writ, it cannot be resorted to when the ordinary and usual remedies at law are available. We are of the further opinion that the writ prayed for should be denied.

In the instant case the proper method of preserving the record is for counsel to challenge the jurors on voir dire. In the event the trial court refuses to excuse said juror or jurors, an exception should be taken to the ruling of the court. When this is done and presented on appeal, the question will be properly before this Court.

The writ prayed for is denied, and the order staying proceedings in Cause No. 32753 is dissolved.

NIX and BRETT, JJ., concur.